HOYT *vs.* DILLON.

Where a deed, executed by the common council of the city of Brooklyn, purports to be made upon a sale of the lands therein described, for an unpaid tax or assessment, imposed under the act to incorporate the city, and recites that all the requisites of the statute have been complied with, and that the power given to the common council has been duly executed, this will not dispense with proof, by a person claiming under such deed, that the facts recited are true.

Without proof of such facts, they are presumed not to exist; and without their existence, the conveyance is a nullity.

The recitals in the conveyance are not evidence against the owner of the property. The facts recited must be established by proof *aliunde.*

Possession of land, under a deed from the common council of the city of Brooklyn for the term of one thousand years, executed upon a sale of the land for an unpaid tax or assessment—the tenant claiming to hold for the term therein mentioned—is not such an adverse possession as will prevent the owner of the estate in remainder from conveying his interest in the premises.

APPEAL by the defendant from a judgment entered at a special term. The action was brought to recover the possession of real estate situate in the city of Brooklyn. The answer was a general denial of the matters set forth in the complaint. On the trial, at the Kings county circuit, in February, 1851, before Justice MORSE, the plaintiff proved that the premises in question were, on and previous to the 28th day of January, 1835, owned and possessed by Charles Hoyt, and that the said Charles Hoyt and wife, by deed dated January 28th, 1835, and recorded April 25th, 1835, conveyed the said premises in fee to Ferdinand L. Wilsey, who the same day mortgaged the same back to

Charles Hoyt to secure a part of the purchase money, which mortgage was afterwards foreclosed in chancery, and the premises aforesaid were sold to David Leavitt, who received a deed therefor, executed by Charles B. Moore, master in chancery, dated November 30th, 1843 ; that David Leavitt and wife conveyed the said premises to John Cleaveland by deed dated January 29th, 1845 ; that John Cleaveland conveyed the said premises to James J. Hoyt by deed dated February 24th, 1845 ; that James J. Hoyt and wife conveyed the said premises to Charles Hoyt by deed dated October 10th, 1845 ; and that Charles Hoyt conveyed the said premises to the plaintiff by deed dated March 15th, 1847, and that the defendant was in possession of the premises at the time of the commencement of this suit.

The defendant offered in evidence a conveyance from "The Mayor and Common Council of the City of Brooklyn" to William Beard, dated the 3d day of May, 1843, embracing the premises in question.. This conveyance recited that an assessment or tax for regulating Bond street, in the city of Brooklyn, was made, and on the 17th of May, 1837, duly confirmed according to law, whereby an assessment or tax of $105.60 was imposed upon the premises conveyed ; that such tax or assessment remaining unpaid, a warrant, as required by law, had issued for the collection thereof to the city collector, duly appointed, who was unable to find sufficient goods and chattels whereon to levy, and certified the same to the common council in writing, upon oath ; that the common council thereupon took the proper steps to cause the said premises to be sold, for the non-payment of the said tax or assessment ; and the proceedings had for that purpose were recited at length. The deed then recited that, upon the sale, James Collins became the purchaser of the premises, for the term of one thousand years, in consideration of the payment by him of the assessment with interest and expenses ; that a certificate was executed to said Collins, by the common council, stating that he had become such purchaser and had paid the said amount, and that at the expiration of two years he would be entitled to a conveyance of

the premises, for the period for which they were sold; that no person having a legal interest in the premises had redeemed them, before the expiration of the two years; and that Collins had, by an instrument under his hand and seal, dated the 24th day of June, 1839, duly assigned, transferred and set over for a valuable consideration, unto William Beard, all his right, title and interest in and to the said certificate of sale. The deed then conveyed the premises to the said William Beard, as the assignee of the said certificate, for the term of one thousand years.

The counsel for the plaintiff objected to the admission of the said conveyance in evidence. The objection was overruled by the justice, and the conveyance was admitted in evidence. The plaintiff excepted. The counsel for the defendant, gave in evidence that John Martin went into possession of the premises in the month of May, 1843, under an agreement from William Beard for a conveyance of the said premises; that the said John Martin erected a house upon the said premises, and continued in possession until the 11th day of March, 1844, when he sold the said house, and his right to a conveyance from William Beard, to the defendant in this suit, who thereupon entered into possession of the said premises, and had continued in the possession thereof until the present time, and that on the first day of March, 1849, the said William Beard and his wife, by deed dated on that day, conveyed to the said defendant the said premises for and during the rest, residue and remainder yet to come and unexpired of the term of one thousand years, mentioned and contained in the said conveyance from the mayor and common council to William Beard. The counsel for the plaintiff objected to the admission of the said evidence. The objection was overruled by the justice, and the evidence was admitted. The defendant, by his counsel, prayed the court to charge the jury, that if the defendant was in possession of the premises under the said William Beard, claiming title under him at the time of the execution of the several deeds by David Leavitt to John Cleaveland, by John Cleaveland to James J. Hoyt, by James J. Hoyt to Charles Hoyt, and by Charles Hoyt to the

plaintiff, then the said deeds from said Leavitt, Cleaveland, James J. Hoyt and Charles Hoyt were absolutely void as against the defendant. But the court refused so to charge, and the defendant excepted. The defendant further prayed the court to instruct the jury that if the defendant went into possession of the premises in March, 1844, and continued in possession under William Beard, claiming title under the aforesaid conveyance from the mayor and common council of the city of Brooklyn to William Beard, then such possession was adverse to the plaintiff and those from whom he claims back to David Leavitt. But the court refused so to charge, and the defendant excepted. The court thereupon charged the jury that the plaintiff, having made out a complete title to the premises, and the defendant having failed to make out a valid title thereto, the plaintiff was entitled to a verdict, to which charge the defendant excepted. The jury accordingly found a verdict for the plaintiff for the premises described in the complaint.

· *H. S. Dodge,* for the plaintiff. I. The paper called a lease, introduced by the defendants, if it had been such a lease as is in certain cases authorized by the statute, (*Laws of* 1834, *p.* 109, § 45,) furnished no evidence of the truth of any of its recitals. (1.) The statute makes it a *presumptive evidence* in a summary proceeding to recover possession only, (§ 45,) but in all other cases the *power* to sell and make a lease must be proved. (*Striker* v. *Kelly,* 2 *Denio,* 323. *Beekman* v. *Bigham,* 1 *Selden,* 366.) (2.) And no evidence being offered to show any authority from the owner to make such a lease, it was properly treated as wholly void.

II. The defendant was not entitled to either of the instructions asked for ; even if his paper title had been a proper foundation for an adverse possession, his evidence failed to show any hostile claim. This must be shown by evidence and cannot be presumed. (*Sharpe* v. *Kelley,* 5 *Denio,* 431, 434.)

III. But if there were any evidence of a hostile claim, the charge and rulings were correct, because the statute (1 *R. S.* 739, § 147) has no application to the case. (1.) The defendant,

and those claiming under the lease, were not claiming under a title *adverse* to the plaintiff and his grantors. The defendant claims only a chattel interest under a lease, which if it were valid, would make him the plaintiff's tenant. A lessee, however long his term, is not seised of the lands nor possessed of them, but possessed of the term of years, and his lessor remains possessed of the freehold. (1 *Cruise's Digest*, 224, § 10. *Id.* 227, § 23. 1 *R.. S.* 722, § 5.) (2.) The statute expressly provides that a conveyance of "any interest in lands *occupied* by a tenant shall be valid without attornment of the tenant. (1 *R. S.* 739, § 146.) And before this the grant of the reversion was held not within the statute of Henry 8, (*Co. Lit.* 369 *a. Grout* v. *Townsend*, 2 *Hill*, 554.) (3.) That the party is in possession under a disputed and invalid claim to a lease does not make his possession more adverse than if he had a valid lease. (*Webb* v. *Bindon*, 21 *Wend.* 98. *Livingston* v. *Proseus*, 2 *Hill*, 526.) (4.) The whole claim of the defendant was under a paper *void* on its face because made by the *common council* who are not a corporation, and because it appears that the land belonged to others who are not lessors ; such a void paper cannot support a claim of adverse possession. (*Jackson* v. *Hill*, 5 *Wend.* 532. *Same* v. *Andrews*, 7 *id.* 152.) The judgment in favor of the plaintiff should be affirmed with costs.

*Barnard & Parsons*, for the defendant. I. The court erred in refusing to charge the jury that the several deeds by Leavitt, Cleveland, James J. Hoyt and Charles Hoyt, are void as to defendant. (2 *R. S.* 2d ed. *p.* 23, *part* 2, *chap.* 1, *title* 2, § 147. *Livingston* v. *Proseus*, 2 *Hill*, 526. *Cole* v. *Irvine*, 6 *id.* 634. *Jackson* v. *Demont*, 9 *John.* 55. *Thurman* v. *Cameron*, 24 *Wend.* 87.)

II. The court erred in refusing to charge that the defendant's possession was adverse to the plaintiff, and those from whom he claims back to David Leavitt. (*Sharp* v. *Ingraham*, 4 *Hill*, 116. *Northrop* v. *Wright*, 7 *id.* 476. *Jackson* v. *Wheat*, 18 *John.* 40. 2 *Caines*, 183. *Jackson* v. *Newton*, 18 *John.* 355. *Smith* v. *Burtis*, 9 *id.* 174. *Jackson* v. *Ellis*, 13 *id.* 118.

*Same* v. *Camp,* 1 *Cow.* 605. *Jackson* v. *Brink,* 5 *id.* 483. *La Frombois* v. *Jackson,* 8 *id.* 589. *Bradstreet* v. *Clarke,* 12 *Wend,* 602, 674.)

*By the Court,* BROWN, J. No evidence was offered, upon the trial, to establish the truth of the recitals contained in the deed or instrument of conveyance from the common council of the city of Brooklyn to William Beard, the defendant's grantor, of the date of May 3d, 1843. The deed professes that the sale was made for an unpaid tax or assessment imposed upon the lands therein described, under the act to incorporate the city of Brooklyn, passed April 8th, 1834. Without proof of the facts contained in the recitals that all the requisites of the statute had been complied with and the power given to the common council duly executed, they are presumed not to exist, and without their existence the conveyance is a nullity. The principle is stated by Mr. Justice Bronson in *Sharp* v. *Speir,* (4 *Hill,* 76,) in these words : " Every statute authority in derogation of the common law, to divest the title of one and transfer it to another, must be strictly pursued or the title will not pass. This is a mere naked power in the corporation, and its due execution is not made out by intendment. It must be proved ; it is not a case for presuming that public officers have done their duty ; what they have in fact done, must be shown. The recitals in the conveyance are not evidence against the owner of the property, but the facts recited must be established by proof *aliunde.*" (*See also Striker* v. *Kelly,* 2 *Denio,* 323 ; *Beekman* v. *Bigham,* 1 *Selden,* 366.)

The point made by the defendant, that a deed of land held adversely to the grantor is void as against the person thus holding and all those claiming under him, admits of no dispute. The real question is whether possession under the deed from the common council of the city of Brooklyn, claiming to hold for the term therein mentioned, constitutes a good adverse possession. There is no affirmative proof as to the exact nature of the defendant's claim, but as the proof showed that he was in under William Beard the grantee of the common council, and

afterwards took a conveyance for the unexpired term for years mentioned in the deed to Beard, I assume, for all the purposes of this discussion, that his claim corresponded with the interest mentioned in the deeds.

The plaintiff claimed title to the premises under a deed from Charles Hoyt, dated May 15th, 1847. He produced a regular chain of title from David Leavitt, who was the owner in fee in 1843, and conveyed them to John Cleaveland by deed bearing date January 2, 1845. In May 1843, John Martin entered into possession under an agreement with William Beard for a conveyance, and erected a house thereon. He remained until March, 1844, when he sold such right as he had to the defendant, who entered into the possession and so continued until the commencement of this action. On the 1st of March, 1849 and before the commencement of the action, William Beard and wife, by their deed bearing date on that day, conveyed the premises to the defendant, to hold the same to him "for and during the rest, residue and remainder yet to come of the term of one thousand years mentioned and contained in the aforesaid conveyance from the mayor and common council of the city of Brooklyn to the said William Beard." The defendant, at the trial, requested the court to charge the jury that if the defendant was in the possession under William Beard, claiming title under him, at the time of the execution of the several deeds under which the plaintiff claimed, such deeds were void as against the defendant. The court declined so to instruct the jury ; the defendant excepted, and the plaintiff had a verdict. And thus the defense depends exclusively upon the character of the possession.

The conveyance to William Beard is executed under the provisions of sections 42 and 45 of the act to incorporate the city of Brooklyn, passed April 8, 1834. (*Sess. L.* 1834; *p.* 106, 108.) Section 42 provides for the sale of lands charged with the payment of any assessment or tax for local or city purposes, which remains unpaid, for the lowest term of years for which any person will take the same and pay the amount of such assessment with the interest and expenses. Section 45 directs the execu-

Hoyt *v.* Dillon.

tion of a conveyance to the purchaser or his assigns, for the term for which the same shall have been sold, and declares that by force of such conveyance the grantee shall be entitled to the possession of the premises sold, for the term therein specified. The conveyance may be for the term of one year, or ten years, or for the term of one thousand years, as in the instance before us ; but there is no power to sell and convey the entire estate. The grantee takes an estate for years, while the estate in remainder with all its incidents remains with him who was the owner in fee at the time of the sale. At the common law, livery of seisin, or the delivery of the corporeal possession of the land, was held necessary to pass the estate. "In all well governed nations some notoriety of this kind has been ever held requisite in order to acquire and ascertain the property of lands. In the Roman law *plenum dominum* was not said to subsist unless where a man had both the right and the corporal possession ; which possession could not be acquired without both an actual intention to possess and an actual seisin or entry into the premises, or part of them, in the name of the whole." (2 *Black. Com.* 311, 312.) A right of entry was not assignable, because as was said, "under color thereof pretended titles might be granted to great men, whereby right might be trodden down and the weak oppressed. Here we have the origin as well as the reason for the rule embodied in our written law, (1 *R. S.* 739, § 147,) that "every grant of land shall be absolutely void, if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." A rightful title is not one of the requisites of a good adverse possession, but "whenever the defense is set up the idea of right is exclusive : the fact of possession and the *quo animo* it was commenced or continued are the only tests. And it must necessarily be exclusive of any other right." (*Smith* v. *Burtis,* 9 *John.* 174.) The person in possession must claim to be the owner, in opposition to all the world. The claim must be of the entire title. (*Livingston* v. *The Peru Iron Co.,* 9 *Wend.* 511.) The deed from William Beard and wife to the defendant is for the same estate as that in the conveyance from the common

council of Brooklyn to William Beard. Assuming the truth of the facts contained in the recitals of the latter instrument, and its validity to pass the term for years under his deed, the defendant did not and could not claim the entire inheritance. The estate in remainder belonged to another. He did not claim the entire title, nor in opposition to all the world. An estate in remainder is defined to be an estate limited to take effect and be enjoyed after another estate is determined. An estate for a term of years, and after that an estate for life with remainder over in fee, may all be carved out of the inheritance. These several estates are parts and portions of the same inheritance, and together make up the entire title in exclusion of every other right. In creating an estate of freehold—as a remainder in fee —the enjoyment of which is postponed to some future time, it must be preceded by and founded upon some particular estate, as an estate for years or for life, and the delivery of the possession by the grantor to the tenant of the particular estate is a delivery of the possession to him in remainder, because both estates are one and the same in law. (2 *Black. Com.* 164, 166.) An estate for years is a very inferior interest in lands. The tenant is not said to be seised, nor in a strict legal sense can he be said to be possessed of land. " No livery of seisin is necessary to a lease for years. Such lessee is not said to be seised, or to have the true legal seisin of the lands. Nor indeed does the bare lease vest any estate in the lessee ; but only gives him a right of entry on the tenement, which right is called his interest in the term or *interesse termini,* and when he has actually so entered and thereby accepted the grant, the estate is then, and not before, vested in him, and he is possessed not properly of the land but of the term for years ; the possession and seisin of the land remaining still in him who hath the freehold." (2 *Bl. Com.* 144. 1 *Cruise's Dig.* 247, § 12.) The defendant cannot, therefore, be said to have been in the possession of the premises in dispute claiming under a title adverse to the plaintiff's grantor, at the time of the execution and delivery of any of the deeds under which the plaintiff claims. Giving full effect to the deed from the common council of the city of Brooklyn, the possession

and seisin of the land was in strictly legal parlance in the grantors, and their several deeds were valid and effectual to pass such estate as they had in the premises.   To sustain an adverse possession upon the proof produced in this action would subvert and set aside rules in regard to the tenure of land which have been settled and recognized for ages.   The doctrine contended for by the defendant leads to this result, that there could be no voluntary conveyance of an estate in remainder which would be good as against the tenant of the particular estate while he was in the occupation claiming to hold for life or a term for years. Yet nothing is better settled than the rule that vested remainders are estates and interests in lands which may be passed from one person to another under the usual forms of conveyance.   I conclude, for these reasons, that the court were entirely right in refusing to instruct the jury as requested by the defendant's counsel.

The other ground assigned for error depends also upon the same question of adverse possession, and it is not necessary to examine it further.

The judgment is affirmed.

