By the Court,—Monell, Ch. J.
The contract which was the foundation of these actions, was for the sale of two certain leases, made by the corporation of the city of New York, of a lot of land which had been sold for unpaid taxes ; ahd were described in the contract as bearing date, one in October, 1846, and the other in November, 1859 ; and the questions which arise upon these appeals must be determined chiefly, by the con - struction and legal effect which is to be given to the contract, and the obligations of the parties under it.
The contract contains no express covenant that the title under the leases should be good. There is a covenant that the premises were free from other grants, leases, taxes and incumbrances. But that does not relate to the validity of the title made by the leases.
But a covenant of title in the lessor may be implied.
In Burwell v. Jackson (9 N. Y. R. 535), the question is thoroughly examined, and it was there held, that in an executory contract to convéy land, there was an implied covenant that the vendor had a good title. The learned judge in that case, in reviewing the decisions says, it seems never to have been doubted that this was the rule in case of a sale of a freehold nor of a leasehold so far as the right of the vendor to the lease *451 itself was concerned ; but that it was for a long time a disputed question in England, whether upon a sale of a mere leasehold interest, the vendor was bound to show,, not only that he owned the lease, and had authority to sell it, but that the original lessor had power to create the term This question, he says, was finally settled, by the court of exchequer in Purvis v. Rayer (9 Price, 488), where it was held, after great deliberation, that if a contract be made for the sale of leasehold property unconditionally, and without a stipulation in terms on the part of the vendor, that he meant to sell his interest only, and that he would not warrant the lessor’s title, he is bound to show the right of the original lessor to grant the lease; and he refers to Souter v. Drake (5 Barn. & Adol. 992), where the vendor in terms only agreed that he would assign the lease and deliver possession. He offered to do both ; but the court held that he must show in addition to this, that the landlord had, a good title. Oh. J. Dermar, there says, unless there be a stipulation to the contrary, there is in every contract for the sale of a lease an implied 'Undertaking to make out the lessor’s title to demise, as well as that of the vendor to the lease itself.
The case Burwell v. Jackson (supra), has since been recognized as the settled law of this State as respects executory contracts for the sale of lands (see Story v. Conger, 3 Trans. Ap. 213 ; Smith v. Babcock, 36 N. Y. R. 169 ; Thomas v. Barton, 48 Id. 198; Leggett v. Mutual Insurance Co. 53 Id. 398).
In all these cases it is held, that the implied covenant has force and vitality only while the contract remains executory. After the deed has been executed and delivered, the vendee must rely upon express covenants contained in the deed, as no covenants can be implied in a deed (1 R. S. 738, § 140).
There is no distinction, in fact or principle, between contracts for the sale of lands and for the sale of leases. *452 None is made in the cases; and in England the covenant is implied as to each alike, and the rule there so firmly established is fully recognized "by the courts of this State.
It seems to me, therefore, that the defendant bad a right to refuse to take an assignment of the leases, if the lessor’s title was defective.
The character of the title acquired under a tax sale is not unlike a leasehold estate proceeding from the owner. The Act of 1843 (Valentine's Laws, 1260), authorizes the corporation to sell for unpaid taxes, “for the lowest term of years, at which any person shall offer to take the land, for the amount of the tax,” and to execute and deliver to the purchaser a lease for the term of years so offered.
The defendant had, therefore, the same right to insist that the plaintiff should show that the corporation had power to grant the lease, as in the common case of a lease from the owner for a term of years.
The question of the burthen of proof does not arise. The defendant took it upon himself in both actions, to show the invalidity of the tax title; and if he had the right to claim the benefit of the implied covenant, then the learned judge erred in refusing to pass upon the objections which the defendant raised to the title under the leases.
■ But it is claimed that the defendant, having gone into possession under the contract, is estopped from objecting to the title.
Even if the fact of possession under the title was established by the evidence, and I do not propose to question it, it would not destroy or impair the right of the defendant to insist upon having a good title. Notwithstanding the possession,- the contract remained executory / and so long as it remained executory, the implied covenant of title, or that the corporation could lawfully make the leases and create the estate, *453 •continued (Burwell v. Jackson, supra), and whenever the vendor came to tender the conveyance or assignment, the vendee could object to the sufficiency of the title.
What other questions might arise, it is not necessary now to consider. But it seems to me clear that the mere possession of the leasehold premises, even though it was under the contract of purchase, had no effect upon the right of the defendant to claim under the implied covenant .that he should have a good title.
Nor do I think the position of the defendant is affected by the finding of fact that he, with intent to deprive the plaintiffs permanently of the possession of the premises, procured from the owner, for a valuable consideration, a conveyance thereof, and retaining possession, refused to carry out the agreement with the plaintiffs.
It is not necessary, at this time, to examine into the motives of the defendant, in looking up and taking from the owner, a conveyance of the land. It may be proper to do so, when some other rights of the parties may be under examination. But that he had a legal right to, and did, under the conveyance, acquire the title of the owner, can not be disputed. And that title was in fee, but subject to be defeated by establishing the regularity and sufficiency of the tax sale. It has been decided that possession under such a sale is not such an adverse possession as will prevent the owner from conveying his interest (Hoyt v. Dillon 19 Barb. 644). And the general rule is, that there must be a claim of the whole title (Towle v. Palmer, 1 Abb. Pr. N. S., 81; Wilklow v. Lane, 37 Barb. 244).
Therefore, the defendant, had he not been in possession, could have maintained an action to recover the possession, and would have been entitled to recover, if he could show that the title under the tax sale was invalid. His being in possession, even though it'was *454 under the contract, did not deprive the defendant of the-right to acquire the fee, and to subrogate himself to all the rights the fee could give him, and among them, the-right to dispute the tax title.
My conclusion is, that under the implied covenant of warranty, the defendant had the right to insist that a good title to the term specified in the leases should be given to him ; and, therefore, if he could show that the-leases were invalid, and did not secure to the lessees the term specified, he was justified in refusing to take-the assignment.
We are not called upon, at this time, to look at the evidence offered by the defendant. The refusal of the judge to pass upon such evidence, raises a question of' law, which we must determine, without regard to the sufficiency of the evidence to establish the fact as the defendant desired it to be found. And we must assume that the learned judge refused to pass upon the evidence, on the ground that, in his judgment, it was-immaterial, and established no defense ; and not for the-reason that it did not show the tax title to be invalid.
The judgments in each of the actions should be-reversed, and new trials had, with costs to the appellant to abide the event.
Curtis, J.,. concurred.